05-CV-00044-ANS

FILED ____ ENTERED
LODGED ____ RECEIVED

FEB 23 2005  ES

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

THE HONORABLE JUDGE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, | IN ADMIRALTY |
| Plaintiff, | NO. C05-0044 JLR |
| v. | ANSWER OF TOPPER INDUSTRIES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES |
| DECATUR NORTHWEST COMMUNITY ASSOCIATION, A DOMESTIC NON-PROFIT WASHINGTON CORPORATION; AND DOE CORPORATIONS, PARTNERSHIPS, ASSOCIATIONS AND INDIVIDUALS, 1 THROUGH 10, INCLUSIVE, | |
| Defendants. | |

COMES NOW Defendant TOPPER Industries, Inc., (hereinafter "TOPPER") and by way of Answer to Plaintiff's First Amended Complaint for Damages, admits, denies, alleges, and states its affirmative defenses as follows:

### I. JURISDICTION

1. Answering Paragraph 1.1, TOPPER admits that jurisdiction is proper, but denies each remaining allegation contained therein.

### II. GENERAL ALLEGATIONS

2. Defendant TOPPER denies the allegations contained in Paragraph 2.1 for lack of sufficient knowledge.

3. Defendant TOPPER denies the allegations contained in Paragraph 2.2 for lack of sufficient knowledge.

ANSWER OF TOPPER INDUSTRIES, INC. TO
PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR DAMAGES - 1

LAW OFFICES OF KEITH M. KUBIK
1101 Bank of America Tower • 701 Fifth Avenue
Seattle - WA - 98104
Tel. 206.587.2647 • Fax 206.587.2648

1    4.    Defendant TOPPER denies the allegations contained in Paragraph 2.3 for lack of sufficient knowledge.

2

3    5.    Defendant TOPPER denies the allegations contained in Paragraph 2.4 for lack of sufficient knowledge.

4

5    6.    Defendant TOPPER denies the allegations contained in Paragraph 2.5 for lack of sufficient knowledge.

6

7    7.    Defendant TOPPER admits only that it is a Washington corporation. Each and every other allegation contained in this paragraph is denied for lack of sufficient knowledge.

8               III.    **FIRST CAUSE OF ACTION**
                        **NEGLIGENCE**
9

10   8.    Defendant TOPPER incorporates its previous responses as set forth in Paragraphs 1 through 7 above.

11

12   9.    Defendant TOPPER denies the allegations contained in Paragraph 3.2 for lack of sufficient knowledge.

13

14   10.   Defendant TOPPER denies the allegations contained in Paragraph 3.3 for lack of sufficient knowledge.

15   11.   Defendant TOPPER denies the allegations contained in Paragraph 3.4 for lack of sufficient knowledge.

16

17   12.   Defendant TOPPER denies the allegations contained in Paragraph 3.5 for lack of sufficient knowledge.

18

19   13.   Defendant TOPPER denies the allegations contained in Paragraph 3.6 for lack of sufficient knowledge.

20   14.   Defendant TOPPER denies the allegations contained in Paragraph 3.7 for lack of sufficient knowledge.

21

22              IV.    **SECOND CAUSE OF ACTION**
                       **BREACH OF CONTRACT**
23

24   15.   Defendant TOPPER incorporates its previous responses as set forth in Paragraphs 1 through 14 above.

25

ANSWER OF TOPPER INDUSTRIES, INC. TO
PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR DAMAGES - 2

LAW OFFICES OF KEITH M. KUBIK
1101 Bank of America Tower - 701 Fifth Avenue
Seattle - WA - 98104
Tel. 206.587.2647 - Fax 206.587.2648

16. Defendant TOPPER is not implicated in any of the allegations contained in Paragraphs 4.1 through 4.5 and thus no response is required. To the extent a response may be required TOPPER denies the allegations in Paragraphs 4.1 through 4.5 for lack of sufficient knowledge.

### V. THIRD CAUSE OF ACTION
### BAILEE

17. Defendant TOPPER incorporates its previous responses as set forth in Paragraphs 1 through 16 above.

18. Defendant TOPPER is not implicated in any of the allegations contained in Paragraphs 5.1 through 5.2 and thus no response is required. To the extent a response may be required TOPPER denies the allegations in Paragraphs 5.1 through 5.2 for lack of sufficient knowledge.

### VI. FOURTH CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY

19. Defendant TOPPER incorporates its previous responses as set forth in Paragraphs 1 through 18 above.

20. Defendant TOPPER denies the allegations contained in Paragraph 6.2 for lack of sufficient knowledge.

21. Defendant TOPPER denies the allegations contained in Paragraph 6.3 for lack of sufficient knowledge.

### FIRST AFFIRMATIVE DEFENSE
[Failure to State a Claim]

Plaintiffs' Complaint fails to state a claim against TOPPER upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
[Contributory/Comparative Fault]

Plaintiffs' damages, if any, were caused or contributed to by the fault or negligence of plaintiff's subragor or by the negligence or fault of persons or entities in privity with him, and the recovery of plaintiff, if any, should be barred or diminished thereby.

ANSWER OF TOPPER INDUSTRIES, INC. TO
PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR DAMAGES - 3

LAW OFFICES OF KEITH M. KUBIK

1101 Bank of America Tower • 701 Fifth Avenue
Seattle • WA • 98104
Tel. 206.587.2647 • Fax 206.587.2648

### THIRD AFFIRMATIVE DEFENSE
[Failure to Mitigate]

Plaintiff and/or its subragor may have failed to mitigate their damages, and plaintiff's claims are barred or reduced by this failure.

### FOURTH AFFIRMATIVE DEFENSE
[Apportionment of Fault [RCW 4.22.070]]

Plaintiffs' damages, if any, were proximately caused by the negligence of one or more third parties over whom defendant TOPPER had no control or responsibility. Pursuant to RCW 4.22.070, the negligence, fault, and responsibility of all persons and entities who contributed in any way to the losses alleged by plaintiff should be allocated according to the degree of fault of said parties. Judgment against TOPPER, if any, should be reduced to the extent of such fault. Nonparties at fault include without limitation the owner and operator of the Maggie B and related entities and a company known to TOPPER as Fidalgo Divers and its related entities. TOPPER reserves the right to identify any unknown third parties at fault. Plaintiff may have failed to name one or more such necessary parties as required FRCP 19. To the extent any injury or damage to plaintiff and/or its subragor, is the fault of a non-party or persons and entities other than TOPPER, liability should be apportioned under RCW 4.22.070.

### FIFTH AFFIRMATIVE DEFENSE
[Intervening/ Superseding Fault of Others]

The act and/or omissions and/or neglect of third persons and/or companies other than TOPPER, and defects or conditions in the products of companies other than products manufactured by TOPPER, supersede any alleged act and/or omission and/or neglect by TOPPER and plaintiffs' damages and injuries, if any, were caused by the act and/or omissions and/or neglect of plaintiff and its related entities and/or plaintiff's subragor and/or of other persons or entities for whom TOPPER is neither answerable nor responsible, and said intervening and/or superseding acts and omissions were the sole, direct and proximate cause of plaintiff's damages, if any.

### SIXTH AFFIRMATIVE DEFENSE
[Statute of Limitations]

Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations.

ANSWER OF TOPPER INDUSTRIES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES - 4

LAW OFFICES OF KEITH M. KUBIK
1101 Bank of America Tower · 701 Fifth Avenue
Seattle · WA · 98104
Tel. 206.587.2647 · Fax 206.587.2648

### SEVENTH AFFIRMATIVE DEFENSE
[Misuse or Modification of Product]

If a product of TOPPER was used by plaintiff's subragor or other unknown and unnamed individuals or entities, plaintiff's claims are barred to the extent that plaintiff's damages, if, any, were caused by the alteration or modification of the product.

### EIGHTH AFFIRMATIVE DEFENSE
[Wrong Party]

The mooring buoy allegedly used by plaintiff's subragor was not and/or cannot be shown to be the product of TOPPER.

### NINTH AFFIRMATIVE DEFENSE
[Federal Preemption]

If the mooring buoy that plaintiff claims was defective was manufactured by TOPPER, it was manufactured in accordance with the requirements of the Federal government, and a finding that the product was defective or that TOPPER was negligent would contravene those mandatory requirements and violate the Supremacy Clause of the United States Constitution.

### TENTH AFFIRMATIVE DEFENSE
[Misuse of Product]

Plaintiffs' claims are barred to the extent that the mooring buoy used by plaintiff's subragor and/or other individuals or entities was exposed to conditions which exceeded its design capabilities. TOPPER further relies on the defenses of unforeseeable alteration, change, improper maintenance, misuse or abnormal use, and/or failure to follow proper instructions.

### ELEVENTH AFFIRMATIVE DEFENSE

TOPPER reserves the right to amend this Answer in accordance with the Federal Rules of Civil Procedure and to plead additional defenses during or after the conclusion of its investigation and discovery proceedings.

WHEREFORE, having fully answered the Complaint and having asserted affirmative defenses, defendant TOPPER Industries, Inc. prays for relief as follows:

1. For dismissal of the Complaint with prejudice;

ANSWER OF TOPPER INDUSTRIES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES - 5

LAW OFFICES OF KEITH M. KUBIK
1101 Bank of America Tower · 701 Fifth Avenue
Seattle · WA · 98104
Tel. 206.587.2647 · Fax 206.587.2648

ANSWER OF TOPPER INDUSTRIES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES - 6

2. For an award of all costs and attorney's fees incurred in defense of this claim as allowed under the law;

3. For an award of contribution against the remaining defendants for their percentage of negligence or fault contributing to plaintiffs' injuries or damages, if judgment is rendered against the answering defendant;

4. For such other and further relief as the court deems just and equitable.

DATED: February 11, 2005

LAW OFFICES OF KEITH M. KUBIK

By _____
Keith M. Kubik, WSBA #24218
Attorneys for Defendant MARLATT

# DECLARATION OF SERVICE

I declare under penalty of perjury of the laws of the State of Washington that on February 23, 2005, I caused to be served in the manner indicated a true and accurate copy of the foregoing upon the following:

| | |
|---|---|
| **Attorney for Plaintiff:**<br><br>Robert F. Kehoe<br>1900 W. Nickerson St., Suite 320<br>Seattle, WA 98119-1650 | [ ] By Legal Messenger<br>[x] By Mail<br>[ ] By Facsimile<br>(206) 283-7795 |
| **Attorney for Plaintiff:**<br><br>David White<br>501 Fidalgo Bay Rd. #802<br>Anacortes, WA 98221 | [ ] By Legal Messenger<br>[x] By Mail<br>[ ] By Facsimile<br>(360-293-0112 |
| **Attorney for Decatur NW Community Assoc.**<br><br>J. Michael Morgan<br>Law Offices, James P. Richmond<br>3315 S. 23rd St., Suite 310<br>Tacoma, WA 98405 | [ ] By Legal Messenger<br>[x] By Mail<br>[ ] By Facsimile<br>(360) 293-9614 |
| **ORIGINAL TO:**<br><br>Clerk of the Court<br>Western District of Washington at Seattle<br>United States District Court<br>Clerk of the Court<br>700 Stewart Street<br>Seattle, WA 98101 | [x] By Legal Messenger<br>[ ] By Mail<br>[ ] By Facsimile |

DATED: February 22, 2005.

*Brigitte Edgman*
Brigitte Edgman

ANSWER OF TOPPER INDUSTRIES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES - 7

LAW OFFICES OF KEITH M. KUBIK
1101 Bank of America Tower • 701 Fifth Avenue
Seattle • WA • 98104
Tel. 206.587.2647 • Fax 206.587.2648